FILED

September 8 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0186

DA 14-0186

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 270N

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

TIMOTHY SCOTT PARRISH,

     Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC-13-178
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Wade Zolynski, Chief Appellate Defender, Jennifer A. Hurley, Assistant
Appellate Defender; Helena, Montana

     For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General; Helena, Montana

          John W. Parker, Cascade County Attorney, Joshua A. Racki, Deputy
County Attorney; Great Falls, Montana

Submitted on Briefs:  August 19, 2015
Decided:  September 8, 2015

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Timothy Scott Parrish appeals the January 13, 2014 order of the Eighth Judicial District Court, Cascade County, which, upon revocation of his suspended sentence, reimposed as a condition of his suspended sentence the requirement that Parrish complete the Eighth Judicial District Treatment Court Program.[1] We remand this case to the District Court with instructions to strike the condition of Treatment Court from Parrish's suspended sentence.

¶3 On November 5, 2013, Parrish was sentenced to five years at Montana State Prison (MSP), with all time suspended, after he pled guilty to one count of felony burglary. Among other conditions, the sentence required Parrish to complete Treatment Court. At sentencing, the District Court instructed the State to file for revocation of Parrish's suspended sentence if he was not admitted to Treatment Court. On December 6, 2013, the State filed a petition to revoke because it was determined that Parrish did not qualify for Treatment Court. At the hearing on the petition, both Parrish's

---

[1] Parrish does not appeal the revocation of his sentence based on his failure to complete Treatment Court because he agreed to the Treatment Court condition in his plea agreement, and he did not appeal his original sentence or withdraw his guilty plea. Parrish appeals only the reimposition of the Treatment Court condition after revocation.

counsel and the State acknowledged that Parrish's failure to complete Treatment Court was not Parrish's fault. The State recommended a five-year suspended sentence with a requirement of outpatient treatment—which Parrish was already completing—rather than Treatment Court. However, the District Court revoked Parrish's suspended sentence, sentenced him to five years at MSP with two years suspended, and reimposed the same conditions as the original sentence, including the Treatment Court requirement.

¶4 "Where a defendant was sentenced to more than one year of actual incarceration, and therefore is eligible for sentence review, we review the sentence for legality only." *State v. Cook*, 2012 MT 34, ¶ 13, 364 Mont. 161, 272 P.3d 50. This Court has held that if a condition of a suspended sentence is impossible to complete, it is therefore illegal and should be struck from the defendant's sentence. *Cook*, ¶ 36 (ordering the condition of GPS monitoring to be struck from a defendant's sentence because the monitoring service was unavailable, making the condition impossible and therefore illegal); *see also State v. Muhammad*, 2002 MT 47, ¶¶ 28-29, 309 Mont. 1, 43 P.3d 318 (ordering the condition of banishment to be struck from a defendant's sentence because the condition was "not reasonably related to the goals of rehabilitation" or protection of the victim and was therefore illegal).

¶5 Parrish was ordered to complete a condition of his suspended sentence that the State agreed was impossible for him to complete. Although the record does not state why Parrish does not qualify for Treatment Court, both the State and Parrish's counsel agreed that this was the case, and at revocation the State recommended an alternative treatment plan. Nevertheless, the District Court reimposed the Treatment Court condition at

3

revocation. Because Parrish does not qualify for Treatment Court, the condition is impossible for him to complete and constitutes an illegal condition. *Cook*, ¶ 36. The Treatment Court condition therefore must be struck from Parrish's sentence.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were incorrect. This matter is remanded to the District Court with instructions to strike the condition of Parrish's suspended sentence that requires him to complete the Eighth Judicial District Treatment Court Program. Remanded.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE

4